

**SIGNED this 27th day of August, 2018**

_Shelley D. Rucker_
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

        No. 1:18-bk-10503-SDR
        Chapter 7

Troy Scott Carter,

      Debtor,


Church of God, a Tennessee
Non-Profit Corporation,
        Plaintiff,

v.

        Adversary Proceeding
        No. 1:18-ap-1017-SDR

Troy Scott Carter,

      Defendant.

1

# MEMORANDUM OPINION

## I.   Procedural History

On March 13, 2018, Church of God, a Tennessee Non-Profit Corporation ("Plaintiff") filed a complaint in this adversary proceeding against Troy Scott Carter ("Debtor" or "Defendant"). [Doc. No. 1, Complaint].[1] The Plaintiff amended the complaint on March 14, 2018. [Doc. No. 6]. The Plaintiff seeks a nondischargeable judgment in the amount of $3,652,550.22. [*Id.* at ¶ 10]. The amended complaint alleges that the Defendant entered into a plea agreement in the criminal action styled *United States of America v. Troy Scott Carter*, No. 1:15-CR-0036, in the United States District Court for the Eastern District of Tennessee at Chattanooga. [*Id.* at ¶ 1]. In the plea agreement the Defendant admitted to stealing $889,766.10 from the Plaintiff by fraud. [*Id.* at ¶ 6]. A criminal judgment was entered finding him guilty of one count[2] of interstate transportation of securities taken by fraud in violation of 18 U.S.C. § 2314. [*Id.* at ¶ 5]. As part of the plea agreement and judgment, the Defendant was ordered to pay restitution in the amount of $889,766.10 plus interest. [*Id.* at ¶ 6].

The Plaintiff then filed suit in the Circuit Court of Bradley County, Tennessee, Case No. V-15-413. [*Id.* at ¶ 7]. The Bradley County Circuit Court entered a default judgment for the Plaintiff. [*Id.* at ¶ 8]. Based on the plea agreement, the circuit court found that the Defendant had confessed to stealing $889,766.10. [*Id.*]. The circuit court also found that the Defendant had stolen additional monies in the amount of $643,242.40 by various acts of embezzlement, larceny, fraud, and transportation of securities. [*Id.*]. Based on these combined amounts, the circuit court awarded $1,533,008.50 in compensatory damages. [*Id.*]. Additionally, the circuit court awarded

---

1 All docket entry reference numbers refer to docket entries for Adversary Proceeding No. 1:18-ap-1017-SDR, unless otherwise noted.
2 The complaint refers to two criminal counts; however, the judgment and plea agreement show only one.

prejudgment interest of $293,266.61 and punitive damages of $1,826,275.11.[3] [*Id.*]. The total

judgment entered in favor of the Plaintiff against the Defendant was $3,652,550.22. [*Id.*]. The

circuit court found that the Defendant had acted "intentionally, fraudulently, maliciously and

recklessly in causing financial injury and loss to the Church of God. He engaged in a fraudulent

scheme of a complexity which involved willful and intentional acts of deception and a knowing

breach of fiduciary duty and a responsibility which existed." [*Id.*].

The Plaintiff's amended complaint in this court seeks that the total circuit court judgment

amount be found nondischargeable pursuant to 11 U.S.C. § 523(a)(4), (6), and (13). [*Id.* at ¶ 9].

Specifically, the complaint seeks that: (1) the federal district court's order of criminal restitution

in the amount of $889,766.10 be found nondischargeable under § 523(a)(4) and (13); (2) the circuit

court's award of an additional $643,242.40 in compensatory damages be found nondischargeable

under § 523(a)(4) and (6); and (3) the circuit court's award of a total judgment of $3,652,550.22

be found nondischargeable under § 523(a)(6).[4] [*Id.*].

The Plaintiff filed a certificate of service indicating that process was served on the

Defendant on March 14, 2018. [Doc. No. 7, at 2]. The Defendant's time for responding to the

complaint was April 13, 2018. However, the Defendant did not file an answer, a motion to dismiss,

or a motion for an extension of time to respond. In the absence of any activity in the case, the Court

---

3 The punitive damages awarded were equal to the sum of the amounts stolen by the Defendant plus the awarded prejudgment interest.

4 Section 523(a) provides, in relevant part, that:

    A discharge under section 727 . . . does not discharge an individual debtor from any debt –
    . . . .
    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
    . . . .
    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
    . . . .
    (13) for any payment of an order of restitution issued under title 18, United States Code[.]

11 U.S.C. § 523(a)(4), (6), (13).

entered an order on May 11, 2018, directing the Plaintiff's attorney to appear at a hearing on May 31, 2018, and show cause why the case should not be dismissed for failure to prosecute. [Doc. No. 8].

On May 17, 2018, the Plaintiff filed a motion for default judgment. [Doc. No. 10]. Although the Eastern District of Tennessee Local Bankruptcy Rules do not contemplate a party setting a motion for hearing in an adversary proceeding, the Plaintiff set the motion for default judgment for hearing on May 31st, the same day as the show cause hearing. [Doc. No. 11]. *See* E.D. Tenn. LBR 7007-1(a) ("After the time for response has expired, *the court may rule on the motion without a hearing*. A party may *request* a hearing on any motion." (emphasis added)). On May 18, 2018, the Clerk of the Bankruptcy Court entered default against the Defendant and set the Plaintiff's motion for default judgment for hearing on June 21, 2018. [Doc. No. 12]. Based on the clerk's setting the hearing for June 21st, the Plaintiff then withdrew its notice of hearing. [Doc. No. 13].

Because the Plaintiff prosecuted its case by filing for default judgment, the Court cancelled the show cause hearing it had set for May 31st. [Doc. No. 15]. At this point, there were no matters that should have appeared on the Court's docket for May 31st. However, despite the Plaintiff's having withdrawn its notice of hearing of the motion for default judgment, it appears that the matter remained on the Court's docket published weekly for chapter 7 matters. Not realizing that the Plaintiff's notice of hearing had been withdrawn, the Court called the Plaintiff's motion for default judgment for hearing on May 31, 2018. [Doc. No. 18]. No one appeared on behalf of the Plaintiff, as appropriate given its withdrawal of the notice of hearing. However, the Defendant and his counsel appeared. The Court continued the hearing to June 21, 2018, the date previously set by the clerk.

4

On June 20, 2018, the Defendant filed an answer. [Doc. No. 19]. In his answer, the Defendant admits that he entered a plea agreement with the United States of America whereby he was ordered to pay criminal restitution to the Plaintiff. [*Id.* at ¶ 1]. He also admits that the Plaintiff took a default judgment against him in circuit court. [*Id.* at ¶ 3]. The Defendant admits that he owes $889,766.10 in restitution, less any amount already paid, and that such amount is nondischargeable. [*Id.* at ¶¶ 4, 6]. However, he disputes whether the remaining damages awarded by the circuit court are nondischargeable. [*Id.* at ¶¶ 5-6]. The Defendant contends that he was incarcerated at the time that the circuit court awarded the default judgment against him and that he was unable to defend himself. [*Id.*]. With respect to the Plaintiff's claims under section 523(a)(4), the Defendant contends that his incarceration prevented him from defending whether he was acting in a fiduciary capacity. [*Id.* at ¶ 5]. With respect to the Plaintiff's claims under section 523(a)(6), the Defendant contends that the Plaintiff "has not established on the record that [the] Defendant intended willful and malicious injury as opposed to commission of a willful act." [*Id.* at ¶ 6]. Finally, the Defendant's answer contains a general denial of "[a]ll other allegations not specifically admitted." [*Id.* at ¶ 7].

On June 21, 2018, the Court held the continued hearing on the Plaintiff's motion for default judgment. Counsel for both the Plaintiff and the Defendant appeared. The Plaintiff sought entry of a default judgment despite the Defendant's having filed an answer. The Defendant made an oral motion to set aside the entry of default. The Court took the matter under advisement.

On June 23, 2018, the Defendant filed a motion to vacate or set aside the clerk's entry of default. [Doc. No. 21]. The Plaintiff filed a response in opposition to the Defendant's motion. [Doc. No. 22].

On July 19, 2018, the Court held a hearing on the Defendant's motion to set aside the entry

of default. Counsel for the Plaintiff and the Defendant appeared and argued the motion. The Defendant offered no additional proof on the merits of his defense or his reason for missing the deadline. His counsel offered that the delay partially resulted from negotiations between him and the Defendant related to representation. Counsel for the Plaintiff proffered that the damages included in the amount of criminal restitution related to actions taken by the Defendant in 2010 or later. The sums awarded by the circuit court related to actions of the same nature taken prior to 2010. Following the hearing, the Court also took the Defendant's motion to vacate or set aside under advisement.

The Court has reviewed the parties' respective motions and briefs, the record before it, and the applicable law. For the reasons explained below, the Court concludes that the Plaintiff's motion for default judgment will be granted in part and denied in part. The Court will grant the Plaintiff a judgment that the criminal restitution in the amount of $889,766.10, less any amounts already paid, is not dischargeable under 11 U.S.C. § 523(a)(13). The Court will deny the Plaintiff's motion for default judgment seeking a declaration that all other amounts awarded are nondischargeable under other subsections of section 523. Additionally, the Defendant's motion to set aside the entry of default will be granted in part and denied in part. The Court will deny the Defendant's motion as to the amounts awarded for criminal restitution. The Court will grant the Defendant's motion as to the remaining counts and will set aside the clerk's entry of default with respect to these counts.

## II.    Jurisdiction

Title 28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this Court with jurisdiction to hear and decide this adversary proceeding.  This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## III.    Analysis

The Court has before it two pending motions. First, the Plaintiff's motion seeks a default judgment pursuant to Federal Rule of Bankruptcy Procedure 7055, which makes Federal Rule of Civil Procedure 55 applicable to this adversary proceeding. [Doc. No. 10]. The Plaintiff seeks a determination that its circuit court judgment against the Defendant in the amount of $3,652.550.22 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), (6), or (13). Second, the Defendant's motion seeks to set aside the clerk's entry of default.  [Doc. No. 21].

Federal Rule of Civil Procedure 55 provides, in relevant part, as follows:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
**(b) Entering a Default Judgment.**
**(1) *By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
**(2) *By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
**(A)** conduct an accounting;
**(B)** determine the amount of damages;
**(C)** establish the truth of any allegation by evidence; or
**(D)** investigate any other matter.
**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

Fed. R. Civ. P. 55.

Under Rule 55, there is a distinction between an entry of default and a default judgment.

*See O.J. Distrib., Inc. v. Hornell Brewing Co*., 340 F.3d 345, 353 (6th Cir. 2003) (citing *United*

*States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video,* 195 F.3d 819, 820 (6th Cir. 1999)). When only an entry of default has been docketed, a court may set aside the entry of default "for good cause." Fed. R. Civ. P. 55(c); *see also United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983); *Unger v. Ohio Flame, LLC*, No. 1:13-cv-854, 2013 WL 12121504, at *2 (W.D. Mich. Nov. 26, 2013). However, the Sixth Circuit has explained that "a stricter standard of review applies for setting aside a default once it has ripened into a judgment." *O.J. Distrib., Inc.*, 340 F.3d at 353 (internal quotations omitted). "[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b)." *Id.* (internal quotations omitted).

In this case, only a clerk's entry of default has been entered. The Plaintiff initially argues that this is in error. The Plaintiff contends that when it filed its motion for default judgment, the clerk should have entered a judgment pursuant to Rule 55(b)(1) because the Plaintiff is not seeking a computation of damages as such damages were compiled by the circuit court judgment. [Doc. No. 22-1, at 2]. The Plaintiff argues that a default judgment should have been entered by the clerk because "there was no need for a final hearing by the Bankruptcy Court as there was no need for determination of additional damages." [*Id.*]. Consequently, the Plaintiff argues that the Court should employ the more rigorous standard under Rule 60(b) when considering the Defendant's motion to set aside.

The Court is not persuaded. First, the Plaintiff's complaint seeks more than a monetary judgment for a sum certain. It also seeks a finding by this Court that the debt is nondischargeable. This additional finding of nondischargeability must be made by the Court, not the clerk, and places the matter beyond the scope of Rule 55(b)(1). *See Keeley v. Grider*, 590 F. App'x 557, 561 (6th

Cir. 2014) (quoting *In re Fuentes* 474 B.R. 497, 501 (Bankr. S.D. Tex. 2012) ("Entering a default judgment against a debtor in a [11 U.S.C.] § 523 claim in which the plaintiff seeks both liquidation of damages and an exception to discharge requires more than just entering a monetary judgment for a 'sum certain.'")); *see also Lu v. Liu (In re Liu)*, 282 B.R. 904, 907 (Bankr. C.D. Cal. 2002).

Second, even if this were not the case, the Plaintiff did not meet the procedural hurdles necessary to obtain a judgment by the clerk under Rule 55(b)(1). That rule requires the plaintiff to make a request and file an affidavit showing the amount due. *See* Fed. R. Civ. P. 55(b)(1). Although the Plaintiff filed a motion for default judgment and attached an affidavit from its attorney, the motion does not request entry of a default judgment by the clerk, and the affidavit does not show the amount due. [Doc. Nos. 10, 10-1]. For these reasons, the Court concludes that the clerk was not obligated to enter a default judgment. In the absence of a default judgment, the Court declines to employ the Plaintiff's proposed standard of review under the stricter standard of Rule 60(b).

Rather, the Court will consider whether to set aside the entry of default under the "good cause" standard set forth in Rule 55(c). *See* Fed. R. Civ. P. 55(c); *see also Unger*, 2013 WL 12121504, at *2. Such a decision is discretionary, and the Court has "considerable latitude" when determining whether good cause exists to set aside a default. *Breathe Ecigs Corp. v. Breathe LLC*, No. 3:15-CV-345-TAV-HBG, 2015 WL 9451051, at *2 (E.D. Tenn. Dec. 23, 2015) (citing *O.J. Distrib. Inc.*, 340 F.3d at 353); *see also Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998). Courts in the Sixth Circuit have been described as "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Johnson v. Rye (In re Rye)*, 560 B.R. 724, 726 (W.D. Mich. 2016) (quoting *Fleet Engineers, Inc. v. Mudguard Techs., LLC*, No. 1:12-CV-1143, 2014 WL 12465464 (Bankr.

W.D. Mich. July 11, 2014)). Indeed, as the *Rye* court noted, "[f]ighting about the entry of default with defendants who, despite missteps, clearly intend to oppose a complaint is usually a fruitless undertaking, given the strong preference of the federal courts to decide cases on the merits." *Id.* at 725; *see also  Cart v. Inv. Retrievers, Inc.*, No. 1:14 CV 1270, 2015 WL 4715355, at *4 (N.D. Ohio Aug. 7, 2015 ) ("[T]here is a strong preference for trials on the merits in federal courts . . . and courts have cautioned against imposing the harsh sanction of default.") (internal quotations omitted).

The Sixth Circuit has articulated the following standard for determining whether good cause exists to set aside an entry of default: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced if the default were set aside; and (3) whether the defendant presents a meritorious defense. *United Coin*, 705 F.2d at 845 (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). "[P]rejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations. . . ." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324-25 (6th Cir. 2010).

### A.  Willful Conduct

First, the Court will consider whether the default was the result of an honest mistake or rather was due to willful misconduct by the Defendant. *See United Coin*, 705 F.2d at 845. A defendant's negligence or failure to act reasonably is not sufficient cause to sustain a default. *$22,050.00 U.S. Currency*, 595 F.3d at 327. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

Applying this standard, the Court finds that the Defendant's failure to respond was not willful or culpable. The Plaintiff argues that the default was willful because the Defendant and his counsel received notice of the Court's order setting a show cause hearing for failure to prosecute yet did not file an answer until the day before the show cause hearing. [Doc. No. 22-1, at 3]. However, according to representations made by the Defendant's counsel at argument, the Defendant began trying to employ counsel to defend him in this action before the deadline ran. He filed an answer prior to the hearing on the Plaintiff's motion for default judgment, and his counsel appeared at the hearing and opposed entry of the judgment. In the case of *Dassault Systemes*, the Sixth Circuit examined whether the defendant seeking to set aside the default had shown an "'intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings,' particularly given his status as a pro se defendant." *Dassault Systemes,* 663 F.3d at 844 (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194). The Court finds no such evidence of bad intent or reckless disregard in this Defendant's conduct.

## B. Prejudice to Plaintiff

Next, the Court must examine whether the Plaintiff will be prejudiced by the Court vacating the entry of default. *United Coin*, 705 F.2d at 845. Delay alone is insufficient to establish prejudice. *Id.*; *see also INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Nor does the delay inherent in adjudicating a cause of action establish prejudice. *Unger*, 2013 WL 12121504, at *2 (citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). "Rather, the plaintiff must show that the delay caused 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

The Plaintiff argues that setting aside the default will prejudice the Plaintiff because it

"stands ready to issue a garnishment to the Debtor's place of employment." [Doc. No. 22-1, at 3]. The Plaintiff believes that the Defendant's actions in defending this claim are intended to "thwart [Plaintiff] from garnishing [his] wages." [*Id.*].

The Court finds that there is no evidence of prejudice to the Plaintiff. The Plaintiff may be delayed in obtaining its full garnishment and have to incur the expense of litigation; however, these are not the types of prejudice that the Court considers when weighing this factor. Furthermore, as discussed in more detail below, the Court is granting the Plaintiff a nondischargeable default judgment in the amount of $889,766.10, less any amount already paid, and the Plaintiff will be able to petition for a garnishment based on this judgment immediately. Given the large amount of this judgment relative to the Defendant's wages, any delay or opportunity cost to the Plaintiff is merely theoretical.

The Plaintiff has not alleged that any witnesses or documents have become unavailable since the entry of the default. Presumably, the Plaintiff still has the same evidence that it had at the time of filing the motion. Further, the Court anticipates that the Plaintiff's case will principally rely on using the federal court criminal proceedings and circuit court civil judgment to preclude the Defendant from raising any factual issues with respect to the elements of its nondischargeability claims. Because the Plaintiff has already participated in a criminal prosecution, filed a civil suit, and obtained a judgment, the Court believes that the proof necessary for this adversary proceeding has already been discovered and preserved and, thus, the possibility of fraud and collusion minimized. This is particularly true here where the Plaintiff has not raised any of these concerns in its brief or at the hearing on its motion. Accordingly, the Court concludes that the Plaintiff has not demonstrated that any prejudice will occur if the Court were to set aside the entry of default.

### C. Meritorious Defense

Finally, the Court must consider whether the Defendant has presented a meritorious defense. *See Dassault Systemes*, 663 F.3d at 843. When determining whether a defense is meritorious, "the likelihood of success is not the measure." *Unger*, 2013 WL 12121504, at *2. Rather, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Breathe Ecigs Corp.*, 2015 WL 9451051, at *3 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326). "[A] defense is meritorious if it is good at law, regardless of whether the defense is actually likely to succeed on the merits." *Id.* (internal quotations omitted). Under this standard, a defense will be found meritorious "if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *In re Baskett*, 219 B.R. at 760 (internal quotations omitted). The Sixth Circuit has explained that "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326). Additionally, a defendant is not required to provide detailed factual allegations to support the asserted defense. *Id.*; *see also* *$22,050.00 U.S. Currency*, 595 F.3d at 326 ("[O]ur cases discussing meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious . . . This is because likelihood of success is irrelevant . . . All that matters is whether a well-stated defense, if sustained, would change the outcome.").

In this case, the Plaintiff is seeking a nondischargeable judgment under three different theories. First, the Plaintiff requests a judgment that the criminal restitution awarded is nondischargeable under 11 U.S.C. § 523(a)(4) and (13). [Doc. No. 6, at ¶ 9(a)]. Second, the Plaintiff requests a judgment that the compensatory damages awarded by the circuit court are

nondischargeable under 11 U.S.C. § 523 (a)(4) and (6). [*Id.* at ¶ 9(b)]. Third, the Plaintiff requests a judgment that the total damages awarded by the circuit court, including prejudgment interest and punitive damages, are nondischargeable under 11 U.S.C. § 523(a)(6). [*Id.* at ¶ 9(c)]. The Court must determine whether the Defendant has raised a meritorious defenses to each of these claims.

With respect to the Plaintiff's first basis for a nondischargeable judgment, the criminal restitution owed, the Defendant admits in his answer that this amount is nondischargeable, and his attorney represented at the hearing that the Defendant had no defense to this claim. [Doc. No. 19, at ¶ 4]. In light of these admissions, the Court finds that the Defendant has not presented a meritorious defense and, therefore, has not met his burden to show good cause to set aside the entry of default with respect to this claim. Accordingly, the Court will grant the Plaintiff a judgment that the criminal restitution owed is nondischargeable under 11 U.S.C. § 523(a)(13).[5] The Court notes that when the debt sought to be found  nondischargeable is based on an order of restitution issued under the federal criminal code, a complaint and judgment are not necessary. *See* 11 U.S.C. § 523(a)(13), (c)(1). Nevertheless, the Court will grant a judgment in the nature of declaratory relief to the creditor and find that this debt in the amount of $889,766.10, less any amounts already paid, is excepted from the discharge granted by 11 U.S.C. § 727(a) and that any actions to collect are not enjoined by 11 U.S.C. § 524(a).

Whether the Defendant has presented a meritorious defense as to the second and third bases of the Plaintiff's complaint requires more analysis. The second basis for nondischargeability relies on compensatory damages awarded by the Bradley County Circuit Court. [Doc. No. 6, at ¶ 9(b)]. These damages were awarded by default judgment and relate to actions taken by the Defendant

---

[5] For the reasons explained in more detail below, the Court will grant the Plaintiff a nondischargeable judgment for the criminal restitution owed only pursuant to section 523(a)(13) and not section 523(a)(4). The Court concludes that the Defendant has presented meritorious defenses to the Plaintiff's section 523(a)(4) claims.

prior to 2010. The circuit court found that the Plaintiff was entitled to compensatory damages in the amount of $643,242.40. [*Id.*]. In awarding these compensatory damages, the circuit court found that the Defendant had committed "various other acts of embezzlement, larceny, fraud and transportation of securities." [Doc. No. 6-3, at ¶ 3]. Further, the circuit court found that the Defendant "held a position of trust with the Plaintiff and he violated and breached the trust by the aforesaid various means of defalcations and fraudulent acts." *Id.* In this adversary proceeding, the Plaintiff alleges that this award of damages is nondischargeable under 11 U.S.C. § 523(a)(4) and (6).

The third basis of the Plaintiff's nondischargeability complaint also relies on the circuit court default judgment. [Doc. No. 6, at ¶ 9(c)]. The Plaintiff seeks that the entire judgment of $3,652,550.22 be found nondischargeable under 11 U.S.C. § 523(a)(6). [*Id.*]. The entire judgment includes compensatory damages of $889,766.10 (representing the criminal restitution award) and $643,242.40 (representing the amount taken prior to 2010). [Doc. No. 6-3, at ¶¶ 3-4]. It also includes an award of $293,266.61 for prejudgment interest and punitive damages of $1,826,275.11. [*Id.* at ¶¶ 5, 8].

In his answer, the Defendant admits only that the circuit court entered this default judgment. [Doc. No. 19, at ¶ 3]. As a defense to the Plaintiff's section 523(a)(4) claims, the Defendant states that "he was incarcerated at the time the judgment was awarded against him and was unable to defend himself and, while the State court found that he was acting in a fiduciary capacity, Defendant was not in a position to defend himself at the time [the] decision was rendered." [*Id.* at ¶ 5]. The Defendant also disputes the allegations made under 11 U.S.C. § 523(a)(6), because the Plaintiff "has not established on the record that Defendant intended willful

15

and malicious injury as opposed to commission of a willful act." [*Id.* at ¶ 6]. Finally, the Defendant

makes a general denial of any allegation not previously admitted. [*Id.* at ¶ 7].

After reviewing the pleadings and the arguments of counsel, the Court concludes that the

Defendant has met the lenient standard of presenting a meritorious defense in the Sixth Circuit.

The question is only whether the Defendant *could* have a meritorious defense. *See Cart v. Inv.*

*Retrievers, Inc.*, No. 1:14 CV 1270, 2015 WL 4715355, at *6 (N.D. Ohio Aug. 7, 2015 ). Here,

the Defendant has raised plausible defenses with respect to each remaining count that, if proven at

trial, could lead to a different result than achieved by the default. *See Dassault Systemes*, 663 F.3d

at 843.

First, the Defendant contends that he was unable to defend himself due to his incarceration

at the time of the circuit court default judgment. The Defendant's answer lacks any statement about

how he would have defended the suit had he been available; however, it certainly is not an

admission that he agrees with the findings of the circuit court in its default judgment. At the

hearing, the Defendant's counsel suggested that the Defendant might contest whether he was

acting as a fiduciary at the time of any defalcation. In the Sixth Circuit, in order to show defalcation

while acting in a fiduciary capacity, a plaintiff must establish by a preponderance of the evidence:

"(1) a pre-existing fiduciary relationship, (2) a breach of that relationship, and (3) resulting loss."

*Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel)*, 565 F.3d 963, 968 (6th Cir. 2009)

(citation omitted). The Sixth Circuit has explained that "the term 'fiduciary capacity' is narrower

here than it is in some other contexts: section 523(a)(4) covers only 'express' or 'technical trusts'

and not trusts arising out of 'the very act of wrongdoing.'" *Id.* (internal quotations omitted). If the

Defendant were successful in showing that he was not acting in a fiduciary capacity for

nondischargeability purposes, such a finding could lead to a different result on the Plaintiff's section 523(a)(4) claims than the one obtained by the default.

Second, with respect to the Plaintiff's claim that the debts were the result of willful and malicious injury by the Defendant and, therefore, nondischargeable under 11 U.S.C. § 523(a)(6), the answer "dispute[s]" this claim on the basis that the Plaintiff "has not established on the record that [the] Defendant intended willful and malicious injury as opposed to [the] commission of a willful act." [Doc. No. 19, at ¶ 6]. This Court has previously considered the elements of willfulness and maliciousness in the context of section 523(a)(6). *See Smith v. Morse (In re Morse)*, 535 B.R. 268, 282-83 (Bankr. E.D. Tenn. 2015). For an injury to be willful and, therefore, nondischargeable under section 523(a)(6), the Defendant must have taken the action with the intent to cause injury. *Id.* at 282 (quoting *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999) ("The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury.")). As to the element of malice, a malicious injury occurs "when a person acts in conscious disregard of their duties or without just cause or excuse." *Id.* (quoting *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 803 (Bankr. N.D. Ohio 2001)). A finding of malice does not require ill-will or specific intent but does require a level of conduct beyond negligent or reckless behavior. *Id.* (citations omitted). In this case, the Defendant contends that the Plaintiff has failed to demonstrate that he intended willful and malicious injury. If that defense were successful at trial, then the Plaintiff's failure to prove that monies were taken with willful and malicious intent could defeat Plaintiff's nondischargeability claims under section 523(a)(6).

At the hearing, the Plaintiff argued that the prior circuit court default judgment would have preclusive effect and bar the Defendant from raising any defenses. However, the Plaintiff has not

17

provided the Court with any authority for its position that a prior judgment would automatically preclude a defendant from asserting a defense sufficient to set aside an entry of default. The Plaintiff's argument on the preclusive effect of the circuit court's judgment may ultimately be successful, but it is premature for the Court to consider whether the Defendant may be collaterally estopped at this point in the proceedings. The Defendant has implicitly argued that he may not be collaterally estopped, and the Court will allow the Defendant to at least proceed beyond the default judgment stage before making a determination on that issue.

Finally, the Court notes that the Defendant's answer contains a general denial of all allegations not specifically admitted. In the Court's view, this general denial fills any gaps in the Defendant's otherwise barebones pleading. For purposes of demonstrating a meritorious defense sufficient to set aside an entry of default, the asserted defense need not be supported by detailed factual allegations and may be a conclusory statement. *See Dassault Systemes*, 663 F.3d at 843. In this case, the Court cannot come to any other conclusion but that the Defendant intends to defend this adversary proceeding with respect to the nondischargeability of the Plaintiff's debt over and above the amount of the criminal restitution judgment.

In reaching this conclusion, the Court is mindful that the Defendant's answer pushes the envelope of providing "a hint of a suggestion" of a meritorious defense. However, under the lenient standard expressed by the Sixth Circuit Court of Appeals, the Court concludes that the Defendant has met his burden. The Sixth Circuit is "extremely forgiving" to a defendant who defaults and "favor[s] a policy of resolving cases on the merits. . . ." *In re Rye*, 560 B.R. at 726. The Court finds this policy particularly relevant here where the Court is being asked to grant a default judgment based on findings made in a prior default judgment awarded while the Defendant was incarcerated.

The Defendant has appeared and expressed his intent to defend this case. The Court will allow him to do so.

## IV.    Conclusion

For the reasons explained above, the Court will grant in part and deny in part the Plaintiff's motion for default judgment. [Doc. No. 10]. The Court will grant the Plaintiff a default judgment that the criminal restitution owed is nondischargeable under 11 U.S.C. § 523(a)(13), and deny default judgment as to all other requests for relief. The Court also finds that the Defendant has met his burden to set aside the entry of default as to all claims except for criminal restitution and will, therefore, grant in part and deny in part his motion to set aside or vacate the entry of default. [Doc. No. 21]. The clerk's entry of default will be set aside as to the remaining claims under section 523(a)(4) and (a)(6). A separate order of judgment will enter. It is so ORDERED.

# # #